Testimony has been taken and published on the part of the complainant since that time, which certainly goes far to sustain the complainant's right to relief, as set forth in the bill; and at this point an application, supported by special reasons, is made by the complainant to reinstate the injunction. The counsel of the defendant contend that this cannot be done, and consequently resist the application. It is not to be denied that there are many cases where an injunction will be revived, although it has been dissolved on the merits. Eden, Inj. 146, 153; Fanning v. Dunham, 4 Johns. Ch. 36. Where new facts are stated in an amended or supplemental bill, a fresh injunction may be awarded on special motion. Travers v. Lord Stafford, 2 Ves. Sr. 19, 21. It is true that in such a case an injunction is not as a matter of course, but depends on the sound discretion of the court. And it may be safely asserted as a general rule in our courts, that all injunctions depend upon the discretion of the chancellor, and are to be granted or denied according to the justice and equity of each particular case. A writ of injunction may be said to be a process capable of more modifications than any other in the law; it is so malleable that it may be moulded to suit the various circumstances and occasions presented to a court of equity. It is an instrument in its hands capable of various applications for the purposes of dispensing complete justice between the parties. It may be special, preliminary, temporary, or perpetual; and it may be dissolved, revived, continued, extended, or contracted; in short, it is adapted and is used by courts of equity as a process for preventing wrong between, and preserving the rights of parties in controversy before them. The court is always open to reinstate an injunction. Radford's Ex'rs v. Innes' Ex'rs, 1 Hen. & M. 8; Bellingslea v. Bradford, 1 Bland, 568. It could not, however, be allowed to a complainant, after an injunction had been denied or dissolved on the merits, to move for another on the same state of case; nor could he have one upon an immaterial amendment in his bill. But on the other hand, where an injunction has been dissolved, and it afterwards appears, from proof taken, that the injunction ought to be continued, a court, in the exercise of a sound discretion, will reinstate it, because otherwise irreparable mischief might ensue. In this case, the testimony taken since the filing of the answer and dissolution of the injunction goes far towards overturning the answer and sustaining the right of the complainant to relief, and if not weakened by counter proof, would probably be sufficient for that purpose; but at all events is, in my judgment, quite sufficient to warrant me in reinstating the injunction originally granted until the further order of the court. Ordered accordingly.

NOTE. In April, 1844, this cause came on for final hearing on the equity side of the circuit court, before the Hon. Peter V. Daniel, associate justice of the supreme court, and the Hon. Benjamin Johnson, district judge, and the injunction was by decree made perpetual.

---

TUCKER (DEAN v.). See Case No. 3,711.

TUCKER (DERMOTT v.). See Case No. 3,818.

---

## Case No. 14,218.

### TUCKER v. FAIRBANKS.

[Cited in Wilson Packing Co. v. Clapp, Case No. 17,851, and King v. Frostel, Id. 7,794. Nowhere reported; opinion not now accessible.]

---

## Case No. 14,219.

### TUCKER et al. v. FOWLER et al.

[1 Hayw. & H. 67.] [1]

Circuit Court, District of Columbia. March 31, 1842.

BANKS—ASSIGNMENT—HOLDER OF NOTES—PREFERENCE—ILLEGAL ISSUE OF NOTES.

A firm of bankers having issued and circulated notes payable to bearer of less denominations than five dollars, and subsequently having made an assignment giving a priority or preference in payment to the holders of these notes, it was held that such holders were entitled to the preference in the distribution of assets, notwithstanding the act of congress of July 7, 1838 [5 Stat. 309].

[This was a bill in equity by Enoch Tucker and others against Charles S. Fowler and others and their assignees Joseph H. Bradley and Charles F. Frary.]

R. S. Coxe and Walter Lenox, for complainants.

Walter Jones and Joseph H. Bradley, for defendants.

BY THE COURT. The bill averred that complainants were depositors with the banking-house of the defendants Fowler & Co.; that said firm had issued and circulated as currency a number of notes made payable to bearer of various denominations under the value of five dollars; that said defendants had made an assignment to the defendants Bradley and Frary, which provided that the said assignees, after deducting, from the proceeds of property assigned which might come into their hands, certain expenses and compensation, should then apply all moneys, proceeds and avails accruing to them, to satisfy and pay the holders of said circulating notes, and the balance remaining, to the payment of the other creditors of the assignors; that by act of congress of July 7, 1838, it was made unlawful for any individual after the 10th of April, 1839, within the District of Columbia, to issue any note or other paper currency of a less denomination than five dollars; that said notes were circulated in said District, and were consequently il-

---

[1] [Reported by John A. Hayward, Esq., and Geo. C. Hazleton, Esq.]